Filed 7/27/23  P. v. Chaney CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>AJ CHANEY,<br><br>     Defendant and Appellant. | A165204<br><br>(Humboldt County<br>Super. Ct. No. CR2101569) |

Following defendant's plea of guilty to several felonies involving the infliction of corporal injury on his spouse and the spouse's two sons, the trial court sentenced him to state prison.  Because the trial court sentenced defendant to the aggravated term for corporal injury on a child, without first obtaining a stipulation from defendant as to the circumstances in aggravation relied upon by the court to impose the upper term, we reverse and remand for resentencing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

Jane Doe and defendant were married and homeless, living out of a travel trailer.  Jane Doe told a deputy sheriff she and defendant had no children in common, but her two sons, John Doe One and John Doe Two,

---

[1] Because this matter was resolved by plea, we briefly summarize the facts from the probation report.

lived with them in the trailer. For the past month, defendant had physically beaten her and John Doe One. Additionally, defendant recently had some teeth pulled and was in severe pain. Defendant was told, according to Jane Doe, that he had four months to live, due to emphysema, and had been diagnosed with several mental health disorders. She described how defendant had been taking out his frustration and pain on her and John Doe One. While speaking with Jane Doe, the deputy sheriff observed a bruise on her chin, a small bruise above her left eye, and a red and swollen right cheek, in addition to bruises on her stomach, shins, and knees. All the bruises were recent.

After speaking with Jane Doe, the deputy spoke with her son, John Doe One. The deputy observed the child was very scared, had a cauliflower ear, and bruises on his chin, forehead, and right bicep. When asked about his ear, John Doe One responded defendant had hit him because he "got in trouble for not listening and lying." As to the bruise on his chin, the minor stated defendant had punched him.

A complaint charged defendant with one count of corporal injury on a child with a special allegation of great bodily injury (Pen. Code,[2] §§ 273d, subd. (a), 12022.7, subd. (a); count 1), three counts of infliction of corporal injury on a spouse/cohabitant (§ 273.5, subd. (a); counts 2, 3, & 4), and one count of dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 5).

At the hearing to resolve defendant's case, the prosecutor orally amended the complaint to add a great bodily injury allegation to count 2, infliction of corporal injury on a spouse/cohabitant; struck the great bodily injury allegation on count 1, corporal injury on a child, as to John Doe One; and added count 6, corporal injury on a child, as to John Doe Two (§ 273d,

_____

[2] All statutory references are to the Penal Code.

2

subd. (a)), and count 7, misdemeanor sexual battery, as to Jane Doe (§ 243.4, subd. (a)).

During that same hearing, defendant pled guilty to two counts of inflicting corporal injury on a child (counts 1 & 6), one count of inflicting corporal injury on a spouse/cohabitant with personal infliction of great bodily injury (count 2), and misdemeanor sexual battery (count 7). Counts 3, 4, and 5 and the great bodily injury allegation as to count 1 were dismissed.

Less than a month later, the public defender conflicted out of the case, and new counsel was appointed. New counsel calendared a motion for mental health diversion pursuant to section 1001.36,[3] asserting defendant suffered from mental disorders. The court rejected the motion as untimely, finding that postplea defendant could not be considered for diversion. This ruling proved to be correct, because subsequently our Supreme Court in *People v. Braden* (2023) 14 Cal.5th 791, 799–800, held a request for mental health diversion under section 1001.36 must be made "before attachment of jeopardy at trial or the entry of a guilty or no contest plea, whichever occurs first." As the request for mental health diversion here was not presented until after defendant's conviction by guilty plea, it was untimely.

The court sentenced defendant to 11 years 4 months in state prison, consisting of the aggravated term of 6 years for count 1, infliction of corporal injury on a child; a consecutive term of 1 year 4 months (one-third the midterm) for count 2, corporal injury on a spouse, with an additional

---

[3] Under section 1001.36, a defendant is eligible for pretrial diversion if he or she has been diagnosed with "a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders" and "the defendant's mental disorder was a significant factor in the commission of the charged offense." (*Id.*, subd. (b)(1) & (2).)

three years for personal infliction of great bodily; and a consecutive term of one year (one-third the midterm) for count 6, corporal injury on a child.

Defendant filed a timely appeal based on the sentence and other matters occurring after the plea.

## II. DISCUSSION

Defendant's counsel originally filed a brief raising no issues and requesting that this court conduct an independent review of the record to identify any issues that could result in reversal or modification of the judgment if resolved in defendant's favor. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Following our review of the record, we requested supplemental briefing regarding whether this matter must be remanded for resentencing to comply with section 1170, subdivision (b), because the trial court sentenced defendant to the aggravated term on count 1 without obtaining a stipulation from defendant as to the circumstances in aggravation relied upon by the court to impose the upper term.[4]

As discussed further, we conclude remand for resentencing is warranted in this case.

### A. *Imposition of the Aggravated Term on Count 1*

Before the court imposed the aggravated term of six years on count 1, it considered aggravating and mitigating factors. The court first reviewed defendant's criminal history, noting "there is a 2009 disturbing the peace, and there is a 2009 simple battery. There is a 2012 disturbing the peace although it indicates 'disposition unknown.' " The court also noted defendant suffered convictions for domestic violence in 2017 and 2019, and a "2020 conviction for felony third degree assaults and misdemeanor menacing."

---

[4] We found no other issues requiring additional briefing.

Moving to the probation report, the court stated, "[T]he facts that have been identified in the probation report are horrific." With regard to the Static-99R, the court observed the report indicated defendant was "an above-average risk to reoffend." As to its reasons for imposing the aggravated term, the court explained: "[Defendant] has entered pleas of guilty to offenses that not only are felony serious [*sic*] and violent offense[s], he will also be required to register as a sex offender. Given that he was on probation at the time of committing a violent strike offense, that in and of itself would make him statutorily ineligible aside from his prior felony conviction. He has one prior felony conviction. [¶] I would consider Dr. Kelly's report. That will be held confidentially in the Court file. Although not a formal statement of mitigation, I would consider that as the defense position as to why a mitigated term or midterm might be appropriate; however, the Court does not agree. I do believe given the nature of the level of violence endured by this family at the hands of [defendant], the Court would be remiss in doing anything other than imposing the aggravated term. [¶] So as to Count One, I am imposing six years in the department of corrections. That is the aggravated term of six years."

## B.  Senate Bill 567 Amended the Aggravated Term Sentencing Requirements

Effective January 1, 2022, and prior to the imposition of defendant's sentence on April 25, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170, subdivision (b) to require that when a statute specifies three potential terms of imprisonment, a court must presumptively impose the middle term. (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.) Moreover, a court may not impose the upper term unless aggravating circumstances "justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those

5

circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Under section 1170, subdivision (b)(3), however, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

## C. *Remand and Resentencing Is Appropriate*

Defendant argues, the People concede, and we agree the matter must be remanded for resentencing in compliance with section 1170, subdivision (b) because the circumstances in aggravation relied upon by the trial court were not stipulated to by defendant, proven to a jury beyond a reasonable doubt, or proven through certified records of prior convictions.

Following defendant's guilty plea, the court asked the prosecutor to state the factual basis for the plea.[5] The prosecutor stated that "[d]uring the months of April 2021 as well as throughout the month of May of 2021, leading up to May 24th," defendant physically assaulted his wife, Jane Doe, on "multiple occasions," causing "traumatic brain injury." Jane Doe also suffered a broken nose. While in Mendocino County, defendant forced her into having sexual intercourse, the basis for the sexual battery offense. Jane Doe had two children, John Doe One and John Doe Two. According to the prosecutor, defendant struck John Doe One repeatedly on the ear, and even after it had become swollen, continued to strike the child's ear as a form of punishment. In addition, defendant struck John Doe One in the groin while defendant was wearing cowboy boots. As to the youngest son, John Doe Two, defendant, on one occasion, strangled him as a form of punishment.

---

[5] No preliminary hearing was held before defendant entered his plea.

6

Although defendant's counsel stipulated, based on the prosecutor's description of the offenses, to a factual basis for defendant's plea, significantly, defendant never admitted any factors in aggravation. That is, he did not personally stipulate to a factual basis for the plea or at any time admit to his prior criminal record. Nor is there any indication in the record, as required under section 1170, subdivision (b)(3), that the sentencing court was presented with a certified record of defendant's prior criminal record.

While there may be aggravating circumstances supporting the court's choice of the aggravated term, the record fails to demonstrate they were proved by defendant's admission, a jury's finding beyond a reasonable doubt, or a certified record of defendant's prior criminal history. Accordingly, the matter must be remanded for resentencing in compliance with the requirements of section 1170, subdivision (b), or the aggravated term on count 1 may not be imposed.[6]

## III. DISPOSITION

The matter is remanded for resentencing in light of section 1170, subdivision (b), as amended by Senate Bill 567. On remand, the trial court should allow the prosecutor to elect (1) to meet the requirements of the amended version of section 1170, subdivision (b); or (2) accept resentencing on the existing record. In all other respects the judgment is affirmed.

---

[6] The Attorney General has forfeited any harmless error claim by failing to brief it.

7

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A165204
*People v. Chaney*

8